UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



NICOLE BROWN,

       Plaintiff,

v.                                              CIVIL ACTION NO: 3:08cv816

LEXISNEXIS RISK & INFORMATION ANALYTICS GROUP, INC.
successor in interest to Securint.,

and

REED ELSEVIER, INC.

       Defendants.

## COMPLAINT

COMES NOW, the Plaintiff, Nicole Brown, by counsel, and for his complaint against the Defendants, alleges as follows:

### INTRODUCTION

1. This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq*. Securint, a consumer reporting agency (CRA), prepared and published an inaccurate consumer report about Plaintiff to her prospective employer. As a result, Plaintiff forfeited a job. Securint failed to use reasonable procedures to assure maximum possible accuracy in violation of FCRA § 1681e(b).

### JURISDICTION

2. Defendants LexisNexis Risk & Information Analytics Group, Inc. and Reed Elsevier, Inc. are the successors in interest to Securint and legally liable for its errors and omissions.

3. Not only did Securint regularly do business in this district and division, but LexisNexis Risk & Information Analytics Group, Inc. transacts business in this district and division.

4. Defendant Reed Elsevier, Inc. regularly does business in this district and division. In addition, it maintains the office of its registered agent for service of process in Glen Allen, Virginia which office is located in this district and division.

5. Both LexisNexis Risk & Information Analytics Group, Inc. and Reed Elsevier, Inc. have contracted to supply services or things in the Commonwealth of Virginia.

6. In addition, each of the Defendants has caused tortious injury in the Commonwealth of Virginia by an act or omission outside of the Commonwealth.

7. Each of the Defendants regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the Commonwealth of Virginia.

8. Plaintiff intends to serve Defendant LexisNexis Risk & Information Analytics Group, Inc. through the Secretary of the Commonwealth.

## PARTIES

9. Nicole Brown (hereinafter "Brown") is a resident of Houston, Texas. She is a "consumer" as defined by 15 U.S.C. §1681a(c) and 15 U.S.C. §1682(a)(3).

10. LexisNexis Risk & Information Analytics Group, Inc. (hereinafter "LNRIAG") is a foreign corporation that is the successor in interest to Securint. In that capacity it was and is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f) as is Securint. Upon information and belief, LNRIAG is and Securint was regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as

defined in 15 U.S.C. §1681(d) to third parties.

11. Upon information and belief, LNRIAG is and Securint was disbursing such consumer reports to third parties under contract for monetary compensation.

12. Securint furnished Plaintiff's consumer report to his potential employer in connection with her application for employment there.

13. Reed Elsevier, Inc. is nominally the parent company of the LNRIAG, provided their finances are calculated on the same balance sheet, and their employees share corporate offices among additional indicia that they are essentially one and the same entity.

14. This case is similar to the 155 claims filed in this Court during the past four months against the Defendants on behalf of individuals who are similarly situated.

15. Plaintiff intends to move the Court to join this case with the six cases heretofore filed in this Court in due course.

## FACTS

16. Brown applied for a job at Crdentia in January 2007.

17. Crdentia is a healthcare staffing service which Brown hoped would place her at a health care provider.

18. As part of the application process, Brown may have authorized a criminal background check.

19. Crdentia obtained a full-time position of operating room, surgical technician for Plaintiff which was to pay her $20.00 per hour.

20. Crdentia then obtained a criminal background check on Plaintiff from Securint on or about January 31, 2007.

21. The criminal background check provided by Securint for Plaintiff incorrectly included a charge for another individual named Tina Michelle Brown.

22. The specific charge listed was "homicide-willful kill, first degree felony."

23. As a direct result of the incorrect criminal background check on January 31, 2007 Crdentia's authorized representative informed Plaintiff that the job offer Crdentia had arranged had earlier been withdrawn because of the results of her criminal background check.

24. As a result of the foregoing, Plaintiff lost at least $9,600.00 in wages while unemployed, and she has remained under employed ($16.00 per hour versus $20.00 per hour) through the present date.

25. Plaintiff protested the incorrect results of her criminal background check to Crdentia to no avail and has not been able to work with Crdentia since.

26. That same day Brown requested a reinvestigation from Securint.

27. Upon information and belief, Securint determined that the name and race of the other individual were different from Plaintiff's name and race and produced a revised, updated and clear report for Plaintiff.

28. As a result of this conduct, action, and inaction of Securint, Plaintiff suffered damages, including by example only and without limitation, headaches, tension, diminished self-worth, fear of the future, anxiety, depression, sleeplessness, weight gain, lack of concentration, irritability, mood swings, frustration, anger, embarrassment, inconvenience, nervousness and stress.

29. Securint violated 15 U.S.C. §1681e(b) by failing to establish and follow reasonable procedures to assure maximum possible accuracy in the preparation of the background report it prepared and published concerning Plaintiff.

30. The conduct, action, and inaction of Securint was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Securint was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

31. Plaintiff is entitled to recover costs and attorney's fees from Securint in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

32. Every paragraph in this Complaint is hereby incorporated into every other paragraph.

WHEREFORE, Plaintiff moves for judgment against the Defendants for actual, statutory and punitive damages, attorney's fees and costs, and such other specific or general relief the Court does find just and appropriate.

**TRIAL BY JURY IS DEMANDED**

**NICOLE BROWN**

Date: 12/12/08       By: _____
                          Of Counsel

Christopher Colt North
VSB #16955
Attorney for Plaintiff
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax: (757) 873-8375
Email: cnorthlaw@aol.com

5